**Penn A. Dodson (PD2244)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RIDWANE MOURMOUNI** and **ISSIFI KALIKOYE**, <br><br> Plaintiffs, <br><br> v. <br><br> **PERMANENT MISSION OF THE REPUBLIC OF SOUTH SUDAN TO THE UNITED NATIONS,** and **CECILIA ADENG,** an individual, <br><br> Defendants. | **COMPLAINT FOR DAMAGES** <br><br> Case No. 1:20-cv-3603 <br><br> <u>**JURY TRIAL REQUESTED**</u> |

### INTRODUCTION

1. Plaintiffs Ridwane Mourmouni and Issifi Kalikoye ("Plaintiffs") served as drivers for Defendant Cecilia Adeng and various agents of the Permanent Mission of The Republic of South Sudan to The United Nations ("South Sudan Embassy" or "Embassy") for several years each. For the last 11 months of their employment the Plaintiffs were not paid at all.

2. To challenge these and other wage-related violations, Plaintiffs bring this action, by and through their attorneys, against the Embassy and Ms. Adeng to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Labor Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL"). Plaintiffs also bring breach of contract and unjust enrichment claims as alternative theories of recovery for the owed wages.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. The activities at issue constituted "commercial activities." 28 U.S.C. §1605; *Letelier v. Republic of Chile*, 748 F.2d 790, 796 (2d Cir. 1984) (citing Senate Report containing examples of commercial activities that include, *inter alia*, the "employment or engagement of laborers, clerical staff or public relations or marketing agents").

5. Defendant Embassy is not subject to diplomatic immunity.

6. Defendant Adeng is not personally subject to diplomatic immunity.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

8. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 et seq. The events giving rise to the instant litigation occurred in New York City.

## PARTIES

**Defendant Permanent Mission of the Republic of South Sudan to the United Nations**

9. Defendant **Permanent Mission of the Republic of South Sudan to the United Nations** (hereinafter "South Sudan Embassy" or "Embassy") is an entity operating within New York County, at 336 E. 45th Street, 5th Floor, New York, NY 10017.

10. At all relevant times, the Embassy was engaged in interstate commerce, within the meaning

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mourmouni v. South Sudan Embassy*
USDC, Southern District of New York

Complaint
Page 2

of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times material to this action, Defendant South Sudan Embassy was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA and its interpretative caselaw.

12. At all times material to this action, Defendant South Sudan Embassy was subject to the NYLL and was an "employer" of the Plaintiffs, as defined by the NYLL and its interpretative caselaw.

**Defendant Cecilia Adeng**

13. Defendant Cecilia Adeng, an individual, resides in Manhattan, at 40 River Road, 14 FL, New York, NY 10044.

14. Defendant Adeng is the Deputy Permanent Representative ("DPR") of the Permanent Mission of The Republic of South Sudan to The United Nations.

15. At all times material to this action, Defendant Adeng exercised substantial control over the functions of the embassy's employees including Plaintiffs. She directed their day-to-day activities, had the authority to terminate their employment, oversaw expenditures of the operation that included the Plaintiffs' compensation or lack thereof and otherwise served as the "head" or "boss" of the organization.

16. In addition to her role in the organization, she also was the direct employer of Plaintiff Mournouni. He drove both her and members of her family around the city on a daily basis. Many, and likely the majority, of the drives were personal in nature.

17. At all times material to this action, Defendant Adeng was an additional "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA and its interpretative caselaw.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

18. At all times material to this action, Defendant Adeng was subject to the NYLL and was an "employer" of the Plaintiffs, as defined by the NYLL and its interpretative caselaw.

**Plaintiff Ridwane Mourmouni**

19. Plaintiff Ridwane Mourmouni is a resident of Manhattan.

20. Plaintiff Ridwane Mourmouni worked for the Defendants as a driver from July 1, 2015 to January 31, 2019 or thereabouts.

21. At all times material to this action, Plaintiff Mourmouni was an "employee" within the meaning of 29 U.S.C. § 203(e).

22. Plaintiff Mourmouni's primary supervisor was Defendant Adeng.

23. In this role, Plaintiff Mourmouni drove a Mercedes that weighed less than 10,000 pounds GVWR (gross vehicle weight rating).

24. Mourmouni estimates that generally he worked approximately 60 hours per week.

25. While working in this capacity, Plaintiff Mourmouni was not expected to record time worked.

26. Defendants did not track Plaintiff Mourmouni's time worked.

27. While his schedule varied Plaintiff Mourmouni typically started work sometime between 7:00A.M. and 9:00A.M. and stopped sometime between 5:00P.M. and 7:00P.M. Most days he estimates he worked for 12 hours, usually 5 days per week. Further, he frequently began his workday earlier than 7:00A.M. to pick people up from the airport.

28. While in this position, Plaintiff Mourmouni's pay scheme was a fixed monthly rate.

29. Plaintiff Mourmouni's rate of pay was $4,100.00 per month.

30. Plaintiff Mourmouni was not paid at all for the months of March 2018 through January 2019 (11 months).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mourmouni v. South Sudan Embassy*
USDC, Southern District of New York

Complaint
Page 4

31. In addition, Plaintiff Mourmouni was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek.

32. For hours over 40 worked in the workweek, because of being a flat amount per month, he did not receive anything extra for overtime work

33. Plaintiff Mourmouni generally did not get a meal break of 30 minutes or more relieved of all duties.

**Plaintiff Issifi Kalikoye**

34. Plaintiff Issifi Kalikoye is a resident of Manhattan.

35. At all times material to this action, Plaintiff Kalikoye was an "employee" within the meaning of 29 U.S.C. § 203(e).

36. Plaintiff Kalikoye's primary supervisor was Defendant Adeng.

37. Plaintiff Kalikoye worked for the Embassy as a driver from September 2016 until January 2019 or thereabouts.

38. In this role, Plaintiff Kalikoye drove a Mercedes that weighed less than 10,000 pounds GVWR (gross vehicle weight rating).

39. While working in this capacity, Plaintiff Kalikoye was not expected to record time worked.

40. Plaintiff Kalikoye estimates that generally he worked approximately 60 hours per week.

41. Similarly to Plaintiff Mourmouni, Plaintiff Kalikoye typically started work sometime between 7:00A.M. and 9:00A.M. and stopped sometime between 5:00P.M. and 7:00P.M. Most days he estimates he worked for 12 hours, usually 5 days per week. Furthermore, he too frequently began his workday earlier than 7:00A.M. to pick people up from the airport.

42. While in this position, Plaintiff Kalikoye was paid a flat amount per month basis.

43. Plaintiff Kalikoye's rate of pay was supposed to be $3,850 per month.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mourmouni v. South Sudan Embassy*
USDC, Southern District of New York

Complaint
Page 5

44. Plaintiff Kalikoye was not paid at all for the months of March, 2018 through January 2019 (11 months).

45. In addition, Plaintiff Kalikoye was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek.

46. For hours over 40 worked in the workweek, because of being paid a flat amount per week, he did not receive anything extra for overtime work

47. Plaintiff Kalikoye generally did not get a meal break of 30 minutes or more relieved of all duties.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

48. Plaintiffs realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

49. Defendants failed to pay Plaintiffs the minimum wage for all hours they worked, in violation of the FLSA.

*Failure To Pay Time Overtime Properly*

50. Defendants failed to compensate Plaintiffs at a rate of one- and one-half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

51. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

52. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

53. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

54. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

55. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

56. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Wages*

57. Defendants failed to pay Plaintiffs their owed wages, in violation of NYLL § 663.

### *Failure To Pay Minimum Wage*

58. Defendants failed to pay Plaintiffs the minimum wage for all hours they worked, in violation of NYLL § 652.

### *Failure To Pay Overtime*

59. Defendants failed to compensate Plaintiffs at a rate of one and one half times their normal

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

60. Plaintiffs worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Failure To Pay Wages At Prescribed Frequency*

61. The timing and frequency of Plaintiffs' pay was improper.

62. Plaintiffs were "clerical [or] other workers" as that term is defined in NYLL § 190(7).

63. Plaintiffs were not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

64. When Plaintiffs were separated from their employment, the employer failed to pay the wages owing in their final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

### *Failure to Provide Pay Stubs / Wage Notices*

65. Defendant failed to furnish Plaintiffs with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

66. Defendant failed to furnish Plaintiffs with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### *Record-Keeping Failures*

67. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

68. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

69. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### *Damages*

70. Due to Defendant's New York Labor Code violations, Plaintiffs are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

**As And For A Third Cause of Action:**
**BREACH OF CONTRACT/UNJUST ENRICHMENT**

71. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

72. Plaintiffs had written employment contracts with the Embassy setting forth, *inter alia*, their

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mourmouni v. South Sudan Embassy*
USDC, Southern District of New York

Complaint
Page 9

rates of pay.

73. Specifically, Defendants agreed to pay Plaintiff monthly; Plaintiff Kalikoye's rate of pay was supposed to be $3850 per month, and Plaintiff Mourmouni's rate of pay was $4,100.00 per month.

74. By failing to pay Plaintiffs these amounts Defendants breached their contract of employment with Plaintiffs.

75. In the alternative, were a contract not found to exist, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiffs. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from them, and other appropriate damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

(A) Award Plaintiffs unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiffs liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiffs "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E) Award Plaintiffs appropriate contract damages;

(F) Award Plaintiffs interest;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mourmouni v. South Sudan Embassy*
USDC, Southern District of New York

Complaint
Page 10

(G) Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **8th** day of **May, 2020.**

ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mourmouni v. South Sudan Embassy*
USDC, Southern District of New York

Complaint
Page 11